NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 17 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHINOOK INDIAN NATION, et al., | No. 24-3629 |
| Plaintiffs - Appellants, | D.C. No. 3:17-cv-05668-MJP |
| v. | MEMORANDUM* |
| DOUG BURGUM, Secretary of the Interior, et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Argued and Submitted June 3, 2025
Seattle, Washington

Before: RAWLINSON, BRESS, AND BUMATAY, Circuit Judges.

The Chinook Indian Nation ("CIN") appeals the district court's dismissal of its suit for presenting a non-justiciable political question. CIN brought the present suit for declaratory and injunctive relief against the Department of the Interior seeking federal recognition as an Indian Tribe. Federal recognition is a prerequisite

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1

to an Indian tribe establishing a "government-to-government relationship with the United States," and receiving a range of rights and benefits. 25 C.F.R. § 83.2(a). Although "the action of the federal government in recognizing or failing to recognize a tribe has traditionally been held to be a political one not subject to judicial review," *Kahawaiolaa v. Norton*, 386 F.3d 1271, 1276 (9th Cir. 2004) (quotation omitted), CIN argues that Congress delegated recognition authority to the courts in an uncodified congressional finding in the List Act of 1994. Pub. L. 103-454, § 103(3), 108 Stat. 4791. Because CIN's argument is premised on a misinterpretation of the List Act, we affirm the district court's dismissal of this case.

The operative provision of the List Act requires the Secretary of the Interior to "publish in the Federal Register a list of all Indian tribes *which the Secretary recognizes* to be eligible for the special programs and services provided by the United States to Indians because of their status as Indians." 25 U.S.C. § 5131(a) (emphasis added). On its face, the List Act only requires publication of a list of tribes that have already been recognized. It leaves the antecedent issue of recognition to the Secretary. *See Agua Caliente Tribe of Cupeño Indians of Pala Reservation v. Sweeney*, 932 F.3d 1207, 1217 (9th Cir. 2019) ("Although somewhat circular, by definition, a federally recognized tribe is one that is already on the list.").

CIN does not rely on the operative provision of the List Act; rather, it focuses on one of its congressional findings. The relevant finding states that "[t]he Congress

2

finds that— … Indian tribes presently may be recognized by Act of Congress; by the administrative procedures set forth in part 83 of the Code of Federal Regulations …; *or by a decision of a United States court*." § 103(3) (emphasis added). CIN argues that the final reference to "a decision of a United States court" delegates recognition authority to the federal judiciary.

This interpretation is not persuasive. Federal recognition is channeled through the Department of Interior's Part 83 process. *See Agua Caliente*, 932 F.3d at 1214 (citing 25 C.F.R. § 83.1). It is highly unlikely that Congress significantly restructured the federal recognition process by means of one clause, buried among several congressional findings, that precedes an operative provision pertaining only to accurate list keeping. *See Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 260 (1994) ("We also think that the quoted statement of congressional findings is a rather thin reed upon which to base a requirement … neither expressed nor … fairly implied in the operative sections of the Act."); *see also Whitman v. Am. Trucking Assns., Inc.*, 531 U.S. 457, 468 (2001). In a case such as this, much more explicit language is necessary to prove that a statute allows litigants to circumvent an administrative process. *See Bennett v. Spear*, 520 U.S. 154, 174 (1997); *San Carlos Apache Tribe v. United States*, 417 F.3d 1091, 1096–97 (9th Cir. 2005). It is more likely that § 103(3) references narrow ways in which tribes have been "recognized"

under other statutes for limited purposes. *See, e.g.*, *Jamul Action Comm. v. Simermeyer*, 974 F.3d 984, 993 (9th Cir. 2020).

Section 103(3) does not have the legal effect that CIN ascribes to it. Since CIN's arguments on appeal are premised on its contrary interpretation of that provision, we need proceed no further.

**AFFIRMED.**